IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE  v.  ROY D. NELSON

**Appeal from the Criminal Court for Washington County**
**No. 21727     Lynn W. Brown, Judge**

------

**No. E1997-00021-SC-R11-CD**  -  **Decided May 2, 2000**
**FOR PUBLICATION**

------

This is an appeal from the Criminal Court for Washington County which convicted the defendant of aggravated arson. The defendant appealed and argued that the aggravated arson statute applies only when an individual other than the arsonist sustains serious bodily injuries. Accordingly, because he was the individual who sustained serious bodily injuries, the defendant contended that the aggravated arson statute was inapplicable. The Court of Criminal Appeals affirmed the judgment of the trial court, and we granted the defendant's application for permission to appeal. We hold that where a defendant sustains serious bodily injuries as the result of an arson he or she committed, that defendant may be convicted of aggravated arson pursuant to Tennessee Code Annotated section 39-14-302(a)(2) (1997). Accordingly, we affirm the judgments of the trial court and the Court of Criminal Appeals.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals is Affirmed.**

BARKER, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, BIRCH, and HOLDER, JJ. joined.

Donald E. Spurrell, Johnson City, Tennessee, for the appellant, Roy D. Nelson.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Gordon W. Smith, Associate Solicitor General, Nashville, Tennessee, for the appellee, State of Tennessee.

### OPINION

On the evening of June 3, 1994, the defendant, Roy D. Nelson, entered the basement of Angela Nelson's house and poured gasoline on the floor.[1] As he walked up the stairs to the residential portion of the house, the defendant lit a cigarette which ignited the gasoline fumes causing an explosion that rocked the brick house from its foundation as well as a fire. The defendant

------

[1] At the time of the arson, Angela and Roy Nelson were married but separated. Following this incident, the Nelsons obtained a divorce.

was admitted to the hospital later that evening where he was treated for first, second, and third degree burns he sustained in the explosion and fire.

The defendant was indicted and convicted for aggravated arson on the grounds that he suffered serious bodily injury, thus triggering application of the aggravated arson statute. The defendant appealed arguing that the aggravated arson statute applies only when some individual other than the arsonist sustains a serious bodily injury. The Court of Criminal Appeals affirmed the judgment of the trial court, and we granted the defendant's application for permission to appeal on this issue.[2]

## DISCUSSION

When statutory language is plain and unambiguous, this Court must not apply a construction apart from the words of the statute. See Fletcher v. State, 9 S.W.3d 103, 105 (Tenn. 1999). The aggravated arson statute at issue in this case provides:

> A person commits aggravated arson who commits arson as defined in § 39-14-301 or 39-14-303 . . . [w]hen any person, including firefighters and law enforcement officials, suffers serious bodily injury as a result of the fire or explosion.

Tenn. Code Ann. § 39-14-302(a)(2) (1997). The criminal code further defines "person" to include "the singular and plural and means and includes *any individual*." Tenn. Code Ann. § 39-11-106(a)(27) (1997) (emphasis added). Thus, the plain language of the aggravated arson statute includes not only victims of aggravated arson but also the perpetrator of the act of arson.

The defendant asserts, however, that the language and history of section -302(a)(2) is ambiguous, and that if the General Assembly intended for the aggravated arson statute to apply where the arsonist is injured, it would have clearly stated so. For this argument, the defendant relies on Tennessee Code Annotated section 39-16-602(a) (1997) which makes it a criminal offense to intentionally prevent or obstruct a law enforcement officer "from effecting a stop, frisk, halt, arrest or search of any person, including the defendant." We do not agree, however, from this statutory language that magic words like "including the defendant" must be explicitly incorporated into all statutes to impose criminal liability for aggravated offenses. By broadly defining "person" in section -106(a)(27), the General Assembly has already established the scope of "person" to include defendants. Consequently, the extra statutory language suggested by the defendant is redundant. Thus, whether or not "including the defendant" was written explicitly into section -602(a), defendants would be implicitly included pursuant to the statutory definition of "person."

We note that if the General Assembly intended to limit the class of persons for which convictions for aggravated offenses may be had it could have done so. Indeed, throughout the

---

[2] This Court heard oral argument in this case on March 28, 2000 in Winchester, Tennessee, as part of the S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

criminal code, the General Assembly has limited application of aggravated offense statutes to situations involving "victims" or individuals other than the defendant.[3] Because the General Assembly has not seen fit to limit section -302(a)(2) to persons other than the defendant as it has done in so many other sections of the criminal code, we are not inclined to depart from the plain language of the statute.

The defendant, though, argues that "any person" cannot be so broad as to include the defendant because any defendant in a structure destroyed by arson automatically commits aggravated arson simply by his or her presence in the structure. Compare Tenn. Code Ann. § 39-14-302(a)(1) (1997) (providing that aggravated arson occurs when one or more persons is present in the structure that is the target of arson). The defendant also contends that the General Assembly could not have been concerned with injury to the arsonist. We disagree. The Court of Criminal Appeals astutely observed that "[m]ore so than the other offenses in the criminal code which are aggravated by some level of bodily injury, arson as a general proposition creates a dangerous exigency which has the potential to endanger [not only the criminal, but also] any targeted individual, members of the public, and rescue personnel." The presence of an arsonist in a building that he or she has targeted or an arsonist who is injured during the course of an arson inevitably requires the assistance of rescue personnel, and it is well within the province of the General Assembly to impose a heightened penalty for the risk to which these public servants are exposed.

## CONCLUSION

We hold that where a defendant sustains serious bodily injuries as the result of an arson he or she committed, that defendant may be convicted of aggravated arson pursuant to Tennessee Code Annotated section 39-14-302(a)(2) (1997). Accordingly, we affirm the judgments of the trial court and the Court of Criminal Appeals.

Costs of this appeal are taxed to the appellant, Roy D. Nelson.

---

[3] See, e.g., Tenn. Code Ann. §§ 39-13-102(a)(1)-(2), -13-304(a)(3)-(4), -13-305(a)(4), -13-402(a)(2), -13-403(a)(2), -13-502(a)(2), -13-504(a)(2), -14-404(a)(2) (1997).