# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
January 22, 2002 Session

## STATE OF TENNESSEE EX REL. RHONDA ANDERSON v. LESTER JARRETT

## and

## STATE OF TENNESSEE EX REL. MELINDA BENSON v. HERMAN HARRIS

**Direct Appeal from the Juvenile Court for Haywood County**
**No. 6406 & 6638      J. Roland Reid, Judge**

_____

**No. W2001-00484-COA-R3-JV - Filed March 13, 2002**

_____

This is a child support case concerning jurisdiction to review certain administrative decisions rendered by the Department of Human Services. In its order, the juvenile court transferred the case, concluding that section 4-5-322 of the Tennessee Code placed jurisdiction with the "appropriate chancery court." Despite its order transferring the case, the juvenile court also decided the case on the merits and ruled that the State acted in contravention to section 36-5-905 of the Tennessee Code regarding the seizure of an obligor's assets. The court further concluded that section 36-5-905 was unconstitutional. We reverse the trial court regarding its jurisdictional determination and hold that the trial court erred by reaching the constitutional issue.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed in part; Affirmed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Paul G. Summers, Attorney General and Reporter, and Stuart Wilson-Patton, Assistant Attorney General, for the Appellants, State of Tennessee, ex rel. Rhonda Anderson and Melinda Benson.

**OPINION**

This consolidated appeal arises from two decisions rendered by the Haywood County Juvenile Court.[1] In *Anderson v. Jarrett*, the State of Tennessee, on behalf of Ms. Rhonda Anderson, filed a Petition to Establish Parentage against Mr. Lester Jarrett. The Juvenile Court of Haywood County entered an Order of Parentage declaring Mr. Jarrett to be the father of the two children born to Ms. Anderson. Subsequently, the court held separate hearings to determine Mr. Jarrett's current and retroactive child support obligations.

On February 23, 2000, the court set Mr. Jarrett's retroactive child support obligation. Pursuant to the court's order, Mr. Jarrett was to begin payment on the retroactive obligation on March 1, 2000. The State, however, sought to collect the retroactive obligation on February 23, 2000, when it issued Mr. Jarrett's employer an administrative order for the seizure of assets pursuant to section 36-5-905 of the Tennessee Code.[2] On February 25, 2000, the State notified Mr. Jarrett that his pension was to be seized to satisfy the "delinquent child support."

Mr. Jarrett filed an objection to the seizure of his pension with the court on March 13, 2000. Mr. Jarrett also requested an administrative review by the Tennessee Department of Human Services. The appeals referee for the Department heard Mr. Jarrett's case and ultimately, upheld the State's decision to seize Mr. Jarrett's pension. Thereafter, Mr. Jarrett petitioned the Juvenile Court of Haywood County to review the administrative ruling of the Department.

After reviewing the facts and procedural history of the case, the court determined that it was without jurisdiction to review the Department's administrative ruling. The court stated that a conflict existed between section 4-5-322 and section 36-5-1003 of the Tennessee Code. The court noted that section 36-5-1003 "appear[ed] to give jurisdiction to the court that issued the support order," while section 4-5-322 "place[d] jurisdiction with the appropriate chancery court." Reasoning that "every word of a statute must be given effect if possible," the court determined that section 4-5-322 controlled the issue because section 36-5-1003 states, according to the court, that "jurisdiction

---

[1]The facts, procedural posture, rulings, and orders in each case are nearly identical. Accordingly, we will only discuss *State of Tennessee ex rel Anderson v. Jarrett*. A discussion of *State of Tennessee ex rel Benson v. Harris* would serve no purpose in this opinion.

[2]Section 36-5-905(a) of the Tennessee Code states as follows:

The department may enforce the lien provided by this part by issuance of an administrative order to any person or entity directing the seizure or sale of any assets of an obligor. The order shall direct the person or entity to hold, subject to any due process procedures provided the obligor, all assets of any kind of the obligor who is subject to the order pending the outcome of the administrative due process procedures. The order shall be based upon and issued pursuant to an existing judicial or administrative order which has previously established support under which an arrearage, due to overdue support, as defined in § 36-5-901, has occurred.

shall be as 'otherwise provided by 4-5-322.'" Therefore, the court ordered that the case would be transferred to the chancery court at Brownsville.

After determining that it was without jurisdiction, the court, "in the interest of judicial efficiency," went on to render a decision on the merits. The court ruled that the State impermissibly seized Mr. Jarrett's pension. The court determined that the State issued the seizure order without statutory authority. Pursuant to section 36-5-905 of the Tennessee Code, the court held that the State could only seize assets if the arrearage payment was overdue. Because no payment was yet due when the State issued the seizure order, the court reasoned that the State acted in contravention to its statutory authority when it seized Mr. Jarrett's assets.

In addition to its ruling regarding the propriety of the State's action under the seizure statutes, the court proclaimed that it was troubled by the ability of the State to issue orders on these matters. The court stated that "the mixing" of court and administrative procedures for the enforcement of child support "is in this court's opinion an unconstitutional violation of the separation of powers clause of the United States and Tennessee Constitutions."

On appeal, we must first note that the State concedes that it failed to comply with the statutory guidelines when it seized the assets belonging to Mr. Jarrett and Mr. Harris before any payment was due on the retroactive support. Therefore, the State agrees with the trial court's ultimate decision on the merits and in its brief states, "[b]ecause no payments were due on either retrospective obligation at the time of the administrative actions, there was no overdue support; and the seizure of assets in both cases was, therefore, inappropriate." Nevertheless, the State appeals the decision of the trial court,[3] raising the following issues for our review:

I.      Whether the lower court erred in finding that it lacked jurisdiction to review a decision by the administrative review unit of the Tennessee Department of Human Services.

II.     Whether the lower court erred in finding that the Administrative procedures of the Tennessee Department of Human Services violate the constitutional requirement of separation of powers.

In its first issue, the State contends that the trial court had jurisdiction to review the administrative decision rendered by the Department of Human Services. This is a question of law involving statutory interpretation. We review such questions of law *de novo* with no presumption of correctness afforded the lower court's judgment. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 629 (Tenn. 1999).

---

[3]Pursuant to this Court's order filed November 27, 2001, this matter was submitted for decision based on the record, the State's brief, and the State's oral argument.

When construing statutes, our primary goal is "to ascertain and give effect to the intention and purpose of the legislature." *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000) (quoting *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000)). Whenever possible, the intent of the legislature should be determined by the natural and ordinary meaning of the words used in the statute, not by a construction that is forced or which limits or extends the meaning. *Id.* (citing *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997). In cases where the statutory language is clear and unambiguous, courts will ordinarily apply the plain language of the statute to resolve the issue. *Id.* (citing *State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000). Finally, we will not construe a statute in a way that leads to an absurd result. *In re Adoption of Hatcher*, 16 S.W.3d 792, 796 (Tenn. Ct. App. 1999).

Pursuant to Tennessee's Uniform Administrative Procedures Act, "proceedings for review are instituted by filing a petition for review in the chancery court of Davidson County, unless another court is specified by statute." Tenn. Code Ann. § 4-5-322(b)(1) (1998). This same statutory provision affords review for persons challenging a final decision of the Department of Human Services. *Id.* Those persons "may file a petition for review in the chancery court located either in the county of the official residence of the commissioner or in the county in which any one (1) or more of the petitioners reside." *Id.*

Section 36-5-1001 of the Tennessee Code governs the appeal of certain administrative actions by the Department. This section provides for appeals relative to child support services involving, among other items, "[t]he enforcement by administrative orders of liens for child support pursuant to title 36, chapter 5, part 9." Tenn. Code Ann. § 36-5-1001(a)(1)(E) (2001). Further, this section requires these appeals to be processed as provided by section 36-5-1003 of the Tennessee Code. Tenn. Code Ann. § 36-5-1001(a)(1) (2001).

Section 36-5-1003 provides for the judicial review of the Department's administrative decisions listed in section 36-5-1001 of the Tennessee Code. This section states that "[n]otwithstanding any other law to the contrary, the judicial review of the administrative hearing decisions of the department of human services pursuant to this part shall be conducted by the court having jurisdiction of the support order as otherwise provided by § 4-5-322." Tenn. Code Ann. § 36-5-1003(a) (2001).

In the present case, the trial court focused on the language in section 36-5-1003(a) that directs the reader to section 4-5-322 of the Tennessee Code. As section 4-5-322 provides for the jurisdiction and venue of contested Department of Human Services cases, the court determined that it must control the issue, not section 36-5-1003. Therefore, the court ruled that it did not have jurisdiction over this matter, because section 4-5-322 vested jurisdiction with the "appropriate chancery court."

The trial court erred in making this determination. While section 4-5-322 provides a general statement regarding the proper court for judicial review of administrative decisions, that same statute also permits the legislature to specify other courts for the review of these decisions. In enacting section 36-5-1003, the legislature specified another court for the review of certain administrative

decisions made by the Department regarding child support. The mention of section 4-5-322 within section 36-5-1003 served to illustrate the source of the legislature's authority to specify other courts to review certain administrative decisions of the Department. Any other interpretation would lead to illogical results. The language employed by the legislature in these statutes is clear: the review of Department of Human Services decisions made pursuant to 36-5-1001 is governed by 36-5-1003, while the review of other administrative decisions made by the Department is governed by section 4-5-322.

Pursuant to section 36-5-1003, these cases were properly before the Haywood County Juvenile Court. The administrative orders issued by the Department regarded child support services involving an action listed under section 36-5-1001 of the Tennessee Code. The trial court had jurisdiction over the original support orders. Accordingly, we hold that the trial court erred in transferring these cases to chancery court.

In its second issue, the State contends that the trial court erred in finding the administrative procedures utilized by the Department unconstitutional. We hold that the trial court should not have considered the constitutional legitimacy of the statute at issue in these cases. It is well-settled in Tennessee that courts will only decide a constitutional question when it is absolutely necessary in order to properly resolve the case. *DeLaney v. Thompson*, 982 S.W.2d 857, 858 (Tenn. 1998). In determining that the State acted beyond its statutory authority in seizing the assets at issue, the court was readily able to resolve the cases on nonconstitutional grounds. This determination provided the resolution sought by both Mr. Jarrett and Mr. Benson, foreclosing any need for the court's constitutional decision. Therefore, any consideration of the constitutional validity of the statutes in issue by the trial court was improper.

Accordingly, we reverse the decision of the trial court regarding its lack of jurisdiction to review the Department's administrative ruling, as well as its decision to transfer the matter to chancery court. Further, we reverse the trial court's ruling on the constitutionality of the statute. The judgment of the trial court is otherwise affirmed. Costs of this appeal are taxed to the State of Tennessee.

_____
DAVID R. FARMER, JUDGE