IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 22, 2015 Session

**STATE OF TENNESSEE v. RYAN M. DELABY**

**Appeal from the Criminal Court for Bradley County**
**No. M-06-524      Carroll L. Ross, Judge**

**No. E2014-00772-CCA-R3-CD - Filed April 2, 2015**

The petitioner, Ryan M. Delaby, appeals from the Bradley County Criminal Court's order denying his petition to expunge the records of his 2006 conviction of Class E felony vandalism. Because we conclude that the petitioner failed to meet the requirements of Tennessee Code Annotated section 40-32-101(g), we affirm the trial court's order.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

G. Scott Kanavos, Cleveland, Tennessee, for the appellant, Ryan M. Delaby.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Stephen Crump, District Attorney General; and Stephen Hatchett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 6, 2006, the petitioner pleaded guilty to one count of assault, one count of domestic assault, and one count of vandalism of property valued at more than $500 but less than $1,000 in exchange for a total effective sentence of two years to be served on probation. On March 17, 2008, a probation violation warrant issued alleging that the petitioner had violated the terms of his probation, and the trial court revoked the petitioner's probation but returned him to probation. On June 2, 2008, a second violation warrant issued, and the trial court again revoked the defendant's probation but this time ordered the defendant to serve his sentence in confinement. The defendant was placed on determinate release on November 17, 2008, *see* T.C.A. § 40-35-501(a)(3) (2006) ("Notwithstanding any other provision of law, inmates with felony sentences of two (2) years or less shall have the

remainder of their original sentence suspended upon reaching their release eligibility date."), which order of release indicates a probation expiration date of January 29, 2010.

At some point thereafter, the petitioner filed a written petition asking the trial court to expunge the records of his vandalism conviction under the terms of Tennessee Code Annotated section 40-32-101(g). No copy of that petition appears in the record. An agreed order was filed on August 26, 2013, granting the petition to expunge. On November 7, 2013, the trial court entered an order noting that the agreed order might be contrary to the terms of Code section 40-32-101(a)(1)(E) and holding the August 26, 2013 order in abeyance pending further proceedings. On March 24, 2014, the trial court entered an order denying the petition to expunge on the ground that the petitioner was not eligible for expunction[1] because he had been convicted of offenses other than the one for which he sought expunction.

The petitioner then filed in this court a petition for writ of certiorari followed by an untimely notice of appeal. We waived the timely filing of the notice of appeal, and this appeal is now properly before this court.

In this appeal, the defendant contends that the trial court erred by denying his petition to expunge the records of his vandalism conviction. He acknowledges having been convicted of three offenses in 2006 but argues that because those convictions were for offenses that occurred within the same 24-hour period, he was not rendered ineligible for expunction by virtue of the multiple convictions. The State asserts that the defendant is ineligible for expunction because his conviction of vandalism was not his "sole" conviction and because of the character of the remaining convictions.

At the time the petitioner filed his petition, Tennessee Code Annotated section 40-32-101 provided, in pertinent part, as follows:

> (g)(1) For purpose of this subsection (g), "eligible petitioner" means:
>
> (A) A person who was convicted of one of the following Class E felonies and sentenced to imprisonment for a term of

---

[1]The courts of this state have used the terms expungement and expunction interchangeably as the nominalization of the verb expunge. The verb expunge comes from the Latin word expungere which means "'prick out, blot out, mark (a name on a list) for deletion' by pricking dots above or below it, literally 'prick out,'" and is formed by adding the Latin stems "ex," which means "out," and "pungere," which means "'to prick, stab.'" *See* Online Etymology Dictionary, http://www.etymonline.com. Expunction is a "noun of action" derived from the "past participle stem of expungere." *See id.* Expunction is also the term used by the Code. For these reasons, we employ the term expunction rather than expungement.

2

three (3) years or less for an offense committed on or after November 1, 1989:

. . . .

(xxii) Section 39-14-408 -- Vandalism ($501-$999);

. . . .

(B) Except as provided in this subdivision (g)(1)(B), a person who was convicted of a misdemeanor offense committed on or after November 1, 1989. Misdemeanors excluded from consideration are:

(i) Section 39-13-101(a)(1) and (2) -- Assault;

. . . .

(iii) Section 39-13-111 -- Domestic assault;

. . . .

(2) Notwithstanding the provisions of this section, effective July 1, 2012, an eligible petitioner may file a petition for expunction of that person's public records involving a criminal offense if:

(A) At the time of filing, the person has never been convicted of any criminal offense, including federal offenses and offenses in other states, other than the offense committed for which the petition for expunction is filed;

(B) At the time of the filing of the petition for expunction at least five (5) years have elapsed since the completion of the sentence imposed for the offense;

(C) The person has fulfilled all the requirements of the sentence imposed by the court in which the individual was convicted of the offense, including:

(i) Payment of all fines, restitution, court costs and other assessments;

(ii) Completion of any term of imprisonment or probation;

(iii) Meeting all conditions of supervised or unsupervised release; and

(iv) If so required by the conditions of the sentence imposed, remaining free from dependency on or abuse of alcohol or a controlled substance or other prohibited substance for a period of not less than one (1) year.

T.C.A. § 40-32-101(g)(1)-(2) (2012).

In this case, the defendant was convicted in November 2006 and sentenced to two years' probation. His probation was revoked twice, and on the second revocation in July 2008, the trial court ordered the defendant to serve the two-year sentence in the department of correction. In November 2008, the defendant was released on determinate release with an expiration date of January 29, 2010. Thus, based on the record before this court, the defendant's sentence did not expire before January 29, 2010. In consequence, despite his claim, and the apparent agreement of the State, that the defendant "indisputably met the requirements of [Code section] 40-32-101(g)(2)(B)&(C)," at the time the defendant first applied for expunction in 2013, five years had not "elapsed since the *completion of the sentence imposed*." *See id.* § 40-32-101(g)(2)(B) (2012) (emphasis added). Because five years had not elapsed since the completion of the sentence imposed for the offense, the petitioner was not entitled to petition for expunction of his vandalism conviction.

Moreover, had the petition not been premature, the petitioner would not have been entitled to have his vandalism conviction expunged.

The petitioner claims that the term "criminal offense" used in the 2012 version of Code section 40-32-101 was ambiguous and that given this ambiguity, we should give that term the same definition used for the term "prior conviction" in Code section 40-35-108(b)(1),(4).[2]

---

[2]That section provides:

(b) In determining the number of prior convictions a defendant has

The most basic principle of statutory construction is "'to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). "Legislative intent is determined 'from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004) (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). "When the statutory language is clear and unambiguous, we apply the plain language in its normal and accepted use." *Boarman v. Jaynes*, 109 S.W.3d 286, 291 (Tenn. 2003) (citing *State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000)). "It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources." *In re Estate of Davis*, 308 S.W.3d 832, 837 (Tenn. 2010) (citing *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)).

At the time of his petition, Code section 40-32-101(g) allowed for expunction of a conviction of one of the enumerated offenses if "[a]t the time of filing, the person has never been convicted of *any* criminal offense . . . *other than the offense committed for which the petition for expunction is filed*." T.C.A. § 40-32-101(g)(2)(A) (emphasis added). The petitioner had, in fact, been convicted of two offenses other than the one for which he sought expunction. Thus, under the seemingly plain terms of the statute, he was barred from seeking expunction of the vandalism conviction. In our view, no ambiguity in the language of the 2012 statute would permit us to resort to reference to an unrelated provision of the Sentencing Act to give it the interpretation suggested by the petitioner.

---

received:

> (1) "Prior conviction" means a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced;

> . . . .

> (4) Except for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury or threatened bodily injury to the victim or victims or convictions for the offense of aggravated burglary under § 39-14-403, convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions[.]

T.C.A. § 40-35-108(b)(1), (4).

In 2014, however, the legislature amended Code section 40-32-101(g) by adding subsection (g)(1)(D), which provides:

> (D) A person who was convicted of more than one (1) of the offenses listed in this subdivision (g)(1), if the conduct upon which each conviction is based occurred contemporaneously, at the same location, represented a single continuous criminal episode with a single criminal intent and all such convictions are eligible for expunction under this part. The offenses of a person who is an eligible petitioner under this subdivision (g)(1)(D) shall be considered a single offense for the purposes of this section so that the person is eligible for expunction consideration if all other requirements are met.

*Id.* § 40-32-101(g)(1)(D) (2014). The 2014 amendment took "effect July 1, 2014," and "appl[ies] to petitions for expunction pursuant to Tennessee Code Annotated, Section 40-32-101(g), filed *prior to* or after such date." 2014 Tenn. Pub. Acts, ch. 671, §5 (emphasis added).

The defendant's convictions of assault and domestic assault are not eligible for expunction, *see id.* § 40-32-101(g)(1)(B)(i), (iii), thus rendering his conviction of vandalism ineligible for diversion under the amended statute. Moreover, the record does not establish that the three offenses occurred contemporaneously and at the same location, rendering him ineligible for expunction. The transcript of the guilty plea submission hearing was not included in the record on appeal, but the affidavit of complaint includes facts indicating that the defendant assaulted his girlfriend and vandalized her property at one location and later committed a second, related assault at a second location on that same day.

Because the defendant did not meet the qualifications for expunction, the trial court did not err by denying the defendant's petition. Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE