IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016

**STATE OF TENNESSEE v. ANN DODD**

**Appeal from the Criminal Court for Williamson County**
**No. I-CR048709     Joseph Woodruff, Judge**

---

**No. M2015-01469-CCA-R3-CD – Filed March 15, 2016**

---

The petitioner, Ann Dodd, appeals the Williamson County Criminal Court's denial of her petition to expunge the record of her 2009 Williamson County General Sessions Court guilty-pleaded conviction of simple possession of cocaine. Because we conclude that the petitioner failed to satisfy the requirements of Tennessee Code Annotated section 40-32-101(g), we affirm the trial court's order.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Nathaniel Mills Colburn, Nashville, Tennessee, for the appellant, Ann Dodd.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Kim Helper, District Attorney General; and Tristan Poorman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 14, 2009, the petitioner entered pleas of guilty in the Williamson County General Sessions Court to one count of simple possession of cocaine and one count of first offense driving under the influence ("DUI") in exchange for consecutive sentences of 11 months and 29 days, to be served as 20 days' incarceration followed by supervised probation. On March 11, 2015, the petitioner moved the general sessions court to expunge the records of her conviction of simple possession under the terms of Code section 40-32-101. The State asked the court to deny the petition, arguing that the petitioner was not an "eligible petitioner" as that term is used in Code section 40-32-101.

The Williamson County General Sessions Court apparently denied the petition for expunction, but no order appears in the record. A notice of appeal to the Williamson County Criminal Court references a hearing followed by a summary denial on April 7, 2015. Via written order filed July 7, 2015, the Williamson County Criminal Court denied the petition for expunction, finding that the petitioner was not an "eligible petitioner" under the terms of Code section 40-32-101.

In this timely appeal, the petitioner challenges the denial of her petition for expunction, arguing that ambiguity in Code section 40-32-101 "gives this [c]ourt latitude to allow the expunction of the simple possession cha[r]ge because it accompanies a strict liability offense." In the alternative, the petitioner asserts that the State of Tennessee has breached its contract with the petitioner that she would be entitled to expunction of her simple possession conviction. The State contends that under the plain language of Code section 40-32-101, the petitioner is not entitled to expunction.

Because the sole issue in this appeal involves a question of statutory construction, our review is de novo, with no presumption of correctness afforded to the ruling of the trial court. *See State v. Pope*, 427 S.W.3d 363, 367 (Tenn. 2013); *see also State v. Edmondson*, 231 S.W.3d 925, 927 (Tenn. 2007).

The most basic principle of statutory construction is "'to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). "Legislative intent is determined 'from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004) (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). "When the statutory language is clear and unambiguous, we apply the plain language in its normal and accepted use." *Boarman v. Jaynes*, 109 S.W.3d 286, 291 (Tenn. 2003) (citing *State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000)). "It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources." *In re Estate of Davis*, 308 S.W.3d 832, 837 (Tenn. 2010) (citing *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)).

The legislature amended Code section 40-32-101 in 2014 and 2015, but the most recent version of the statute, which became effective on July 1, 2015, *see* 2015 Pub. Acts, c. 89, §§ 1, 2, provides, in pertinent part, as follows:

> (g)(1) For purpose of this subsection (g), "eligible petitioner" means:

. . . .

(B) Except as provided in this subdivision (g)(1)(B), a person who was convicted of a misdemeanor offense committed on or after November 1, 1989. Misdemeanors excluded from consideration are:

. . . .

(xlv) Section 55-10-401--Driving under the influence of an intoxicant;

. . . .

(E) A person who was convicted of more than one (1) of the offenses listed in this subdivision (g)(1), if the conduct upon which each conviction is based occurred contemporaneously, occurred at the same location, represented a single continuous criminal episode with a single criminal intent, and all such convictions are eligible for expunction under this part. The offenses of a person who is an eligible petitioner under this subdivision (g)(1)(E) shall be considered a single offense for the purposes of this section so that the person is eligible for expunction consideration if all other requirements are met.

T.C.A. § 40-32-101(g)(1)(B),(E).

The petitioner was arrested and charged with simple possession of cocaine and DUI on July 23, 2008. According to the affidavit of complaint, a Williamson County Sheriff's Department deputy observed the petitioner driving recklessly and attempted to effectuate a traffic stop. The petitioner did not stop, but her vehicle eventually left the roadway and became stuck. When the petitioner attempted to drive off, the vehicle caught fire. When she was placed under arrest, the petitioner was obviously under the influence, and she admitted having used cocaine. The petitioner was also in possession of more than .5 grams of cocaine. The parties agree that the offenses "occurred contemporaneously" and "occurred at the same location," but the petitioner asserts that the offenses did not represent "a single continuous criminal episode with a single criminal intent" because the offense of DUI contains no scienter requirement. She argues that the requirement of "a single criminal intent" creates an ambiguity in the statute because the statute would never allow for the expunction of a strict liability offense that

occurs simultaneously with an offense that contains a scienter requirement. The ambiguity thus "exposed," the petitioner argues that this court should look to the recently enacted Code section 40-32-101(a)(1)(E) for guidance. That section provides:

> Except as provided in subsection (j), a person is not entitled to the expunction of such person's records if:
>
> (i) The person is charged with an offense, is not convicted of the charged offense, but is convicted of an offense relating to the same criminal conduct or episode as the charged offense, including a lesser included offense; provided, however, any moving or nonmoving traffic offense shall not be considered an offense as used in this subdivision (a)(1)(E);

*Id.* § 40-32-101(a)(1)(E)(i). This section, she argues, establishes legislative intent "that moving and non-moving driving offenses are not meant to preclude someone from ridding other expungable charges from their record."

Code section 40-32-101 is simply not open to the contrived interpretation offered by the petitioner. Code section 40-32-101(g)(1)(E) allows for the expunction of multiple convictions when "the conduct upon which each conviction is based occurred contemporaneously, occurred at the same location, represented a single continuous criminal episode with a single criminal intent, and all such convictions are eligible for expunction under this part." *Id.* § 40-32-101(g)(1)(E). As indicated, the convictions of simple possession of cocaine and DUI resulted from conduct that occurred contemporaneously at the same location. Regardless of whether the two offenses could be part of "a single continuous criminal episode with a single criminal intent" given the lack of a scienter requirement for DUI, the petitioner is still not entitled to expunction of the simple possession conviction because all the convictions stemming from the July 23, 2008 incident are not eligible for expunction. Driving under the influence is specifically excluded from the list of expungable misdemeanor offenses. S*ee id.* § 40-32-101(g)(1)(B)(xlv). The statute requires that for any one of multiple convictions to be eligible for expunction, "all such convictions" must be eligible for expunction. *Id.* § 40-32-101(g)(1)(E). Under the plain and unambiguous terms of the statute, the petitioner is not entitled to expunction of her simple possession conviction because she is not entitled to expunction of her DUI conviction. *See State v. Ryan M. Delaby*, No. E2014-00772-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Knoxville, Apr. 2, 2015).

Accordingly, the judgment of the trial court is affirmed.

_____

JAMES CURWOOD WITT, JR., JUDGE