NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0513n.06

No. 16-6136

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 01, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| CARLOS FALLINS, | ) DISTRICT OF TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

BEFORE: BATCHELDER, GIBBONS, and COOK, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Carlos Fallins pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was sentenced to 195 months' imprisonment based, in part, on his designation as an armed career criminal under 18 U.S.C. § 924(e). Fallins challenges that designation on appeal. Specifically, he claims that his prior conviction for attempted aggravated arson under Tenn. Code Ann. § 39-12-101 and 39-14-302(a)(1) does not qualify as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court originally found that it qualified under the ACCA's residual clause, *id.* § 924(e)(2)(B)(ii), but that finding was invalidated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). At resentencing, the district court again found that Fallins's attempted-aggravated-arson conviction qualified as a violent felony, but this time did so under the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i). We disagree, vacate Fallins's sentence, and remand for resentencing.

I.

On October 16, 2013, Carlos Fallins pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The presentence report ("PSR") found that Fallins qualified for an enhanced sentence because he had three ACCA predicate offenses: a 1995 robbery conviction under Tenn. Code Ann. § 39-13-401; a 1997 conviction for attempted aggravated arson under Tenn. Code Ann. § 39-14-302(a)(1); and a 2005 conviction for possession of crack cocaine for resale under Tenn. Code Ann. § 39-17-417.

Fallins objected to the PSR, arguing that his prior conviction for attempted aggravated arson did not qualify as a violent felony within the meaning of the ACCA.[1] The district court disagreed and found that this conviction qualified under the ACCA's residual clause. It then sentenced Fallins to 195 months' imprisonment, which this court affirmed. *United States v. Fallins*, 777 F.3d 296, 302 (6th Cir. 2015).

Six months later, the Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557. As a result, this court's judgment was vacated, *see Fallins v. United States*, 135 S. Ct. 2945, 2945 (2015), and Fallins's case was remanded to the district court "for resentencing in light of *Johnson*." No. 14-5153, R. 44, at 1.

On remand, the government again argued that Tennessee attempted aggravated arson is a violent felony under the ACCA, this time relying on the elements clause. The district court agreed and resentenced Fallins to 195 months' imprisonment as an armed career criminal. Fallins timely appealed.

---

[1] Fallins also objected to the classification of his drug conviction as a "serious drug offense," but has not preserved that argument for this appeal.

2

II.

We review *de novo* whether a conviction qualifies as a violent felony under the ACCA. *United States v. Prater*, 766 F.3d 501, 507 (6th Cir. 2014); *see also United States v. Hockenberry*, 730 F.3d 645, 663 (6th Cir. 2013).

The ACCA mandates a fifteen-year mandatory-minimum sentence where a defendant is convicted of being a felon in possession of a firearm while having three or more prior convictions for "serious drug offense[s]" or "violent felon[ies]." 18 U.S.C. § 924(e). Fallins concedes that he has two prior convictions that qualify as ACCA predicate offenses: a 1995 robbery conviction under Tenn. Code Ann. § 39-13-401 and a 2005 conviction for possession of crack cocaine for resale under Tenn. Code Ann. § 39-17-417. The sole issue presented on appeal is whether Fallins's 1997 conviction for attempted aggravated arson under Tenn. Code Ann. § 39-12-101 and § 39-14-302(a)(1) qualifies as the third.

Following *Johnson*, only two avenues remain for classifying an offense as a "violent felony" under the ACCA. 135 S. Ct. at 2557 (invalidating the ACCA's residual clause as unconstitutionally vague). The parties agree that one of those avenues, the enumerated-offenses clause, does not apply here. *See* 18 U.S.C. § 924(e)(2)(B)(ii). The only remaining avenue, then, is the ACCA's elements clause. A crime qualifies as a violent felony under that clause if it is "punishable by imprisonment for a term exceeding one year . . . [and] has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). The district court found that Fallins's attempted-aggravated-arson conviction qualified as a violent felony under this provision.

In determining whether Tennessee attempted aggravated arson qualifies as a violent felony under the elements clause, we employ a categorical approach—meaning, we look to the

statutory definition of the offense rather than the facts underlying Fallins's conviction. *See United States v. Elliott*, 757 F.3d 492, 494 (6th Cir. 2014) ("Whether a prior conviction should be considered a violent felony within the meaning of the ACCA is determined by considering the offense generically, that is, 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" (quoting *Begay v. United States*, 553 U.S. 137, 141–42 (2008))). "If the statute requires proving that someone used, attempted, or threatened to use physical force against another, it satisfies the elements clause even if the statute does not match the elements clause word for word." *United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017) (citation omitted). In analyzing the state offense, however, we "must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)). Through it all, we are "bound by the Tennessee Supreme Court's interpretation [of the state statute], including its guidance on the elements of the crime." *United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014).

Fallins was convicted of attempted aggravated arson, in violation of Tenn. Code Ann. § 39-12-101 and § 39-14-302(a)(1). Aggravated arson is defined, in relevant part, as "commit[ting] arson as defined in § 39-14-301 or § 39-14-303 . . . [w]hen one (1) or more persons are present therein[.]" Tenn. Code Ann. § 39-14-302(a)(1). A person commits arson when he "knowingly damages any structure by means of a fire or explosion . . . [w]ithout the consent of all persons who have a possessory, proprietary or security interest therein[.]" *Id.* § 39-14-301(a)(1).[2]

---

[2] Arson of personal property or real estate, codified in Tenn. Code Ann. § 39-14-303, is defined almost identically to arson of a structure, and thus is treated the same for ACCA purposes.

Looking to the elements of attempted aggravated arson enumerated above, as well as the Tennessee Supreme Court's interpretation of those elements, we find that the offense does not require proving that Fallins used, attempted to use, or threatened to use physical force against another person.[3] *See* 18 U.S.C. § 924(e)(2)(B)(i); *Patterson*, 853 F.3d at 302. This is so, primarily, because a defendant can be convicted of violating § 39-14-302(a)(1) without ever using, attempting to use, or threatening to use force against another individual.

Arson is elevated to aggravated arson under § 39-14-302(a)(1) where "one (1) or more persons are present" in the structure damaged by the fire or explosion. Tennessee's criminal code defines "person" to include "the singular and the plural and means and includes *any individual*." Tenn. Code Ann. § 39-11-106(a)(27) (emphasis added). Accordingly, "the plain language of [Tennessee's] aggravated arson statute includes not only victims of aggravated arson but also the perpetrator of the act of arson." *State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000); *see also Fletcher v. State*, 9 S.W.3d 103, 105 (Tenn. 1999) ("Where the language of a statute is plain and unambiguous, this Court is not at liberty to apply a construction apart from the words of the statute."). Put another way, a defendant can be convicted of aggravated arson under § 39-14-302(a)(1) even if he is the only person present in the targeted structure. Because the ACCA requires more—namely, that a person other than the defendant be the target of the force—Fallins's attempted-aggravated-arson conviction cannot categorically qualify as a violent felony under the ACCA's elements clause. *See* 18 U.S.C. § 924(e)(2)(B)(i) (classifying as a "violent

---

[3] At Fallins's initial sentencing, the government agreed with Fallins that his attempted-aggravated-arson conviction did not qualify as a violent felony under the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), or enumerated-offenses clause, *id.* § 924(e)(2)(B)(ii). Instead, it relied exclusively on the ACCA's residual clause. *Id.* Fallins argues that the government waived its ability to rely on the ACCA's elements clause at resentencing because it disclaimed any reliance on that provision during his initial sentencing. Because we find that Fallins's attempted-aggravated-arson conviction does not categorically qualify as a violent felony under any ACCA provision, however, we need not reach this issue.

felony" only those offenses that have "as an element the use, attempted use, or threatened use of physical force against *the person of another*" (emphasis added)).

This interpretation of § 39-14-302(a)(1) may give pause. And, indeed, the Supreme Court has cautioned courts to employ common sense in applying the categorical approach and to avoid "legal imagination." *Moncrieffe*, 133 S. Ct. at 1684–85 (noting that there "must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime" (internal quotation marks omitted)). But the Tennessee Supreme Court has envisioned this exact scenario in addressing the scope of § 39-14-302(a)(2), which elevates arson to aggravated arson "[w]hen any person, including firefighters and law enforcement officials, suffers serious bodily injury as a result of the fire or explosion." *Nelson*, 23 S.W.3d at 271–72. In analyzing that provision, the court found that, based on the plain language of the statute, the term "person" in § 39-14-302(a)(2) includes not only the victims of aggravated arson, but also the defendant himself. *Id.*

The court did not end there. In reaching its conclusion, the court also addressed the defendant's argument that interpreting the term "any person" in § 39-14-302(a)(2) to include the defendant would lead to absurd results in interpreting § 39-14-302(a)(1), the provision under which Fallins was convicted. *Nelson*, 23 S.W.3d at 271–72. Specifically, the defendant in *Nelson* argued that the term "any person" could not "be so broad as to include the defendant because any defendant in a structure destroyed by arson automatically commits aggravated arson simply by his or her presence in the structure." *Id.* at 271. The court accepted the premise of the defendant's argument as a necessary consequence of its holding, while noting that there were valid reasons for interpreting both § 39-14-302(a)(1) and (a)(2) in that manner.[4] It reasoned that

---

[4] Indeed, traditional canons of statutory construction would seem to compel a similar interpretation of "person" in both § 39-14-302(a)(1) and (a)(2). *See In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015) ("Statutes

"[t]he presence of an arsonist in a building that he or she has targeted or an arsonist who is injured during the course of an arson inevitably requires the assistance of rescue personnel, and it is well within the province of the General Assembly to impose a heightened penalty for the risk to which these public servants are exposed." *Id.* at 272.

The *Nelson* court's reasoning thus confirms what the statutory definition of "person" in § 39-11-106 already suggests: a defendant can be convicted of aggravated arson under § 39-14-302(a)(1) even if he is the only person present in the targeted structure. Although this may not be the most obvious reading of § 39-14-302(a)(1), we are "bound by the Tennessee Supreme Court's interpretation [of the statute], including its guidance on the elements of the crime." *Mitchell*, 743 F.3d at 1059. Accordingly, because Tennessee aggravated arson does not necessarily require the presence of another person, neither does an attempt to commit that offense. It follows, therefore, that Fallins's attempted-aggravated-arson conviction did not require proving the "attempted use . . . of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Thus, this conviction cannot qualify as a violent felony under the ACCA's elements clause.[5]

III.

For the foregoing reasons, we reverse Fallins's armed-career-criminal designation and remand for resentencing consistent with this opinion.

---

that relate to the same subject matter or have a common purpose must be read *in pari materia* so as to give the intended effect to both.").

[5] Because § 39-14-302(a)(1) is not divisible—meaning, it does not set out one or more elements of the offense in the alternative—the modified-categorical approach is not applicable. *See United States v. Denson*, 728 F.3d 603, 608 (6th Cir. 2013).