IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 27, 2018

## STATE OF TENNESSEE v. MARK D. MORACA, ALIAS[1]

**Appeal from the Circuit Court for McMinn County**
**Nos. 93-233, 93-234, 93-511      Andrew Freiberg, Judge**

_____

### No. E2017-01536-CCA-R3-CD

_____

The petitioner, Mark D. Moraca, appeals the denial of his motion to expunge the records of his 1994 convictions for simple possession of amphetamine and simple possession of cocaine. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Douglas A. Trant, Knoxville, Tennessee, for the appellant, Mark D. Moraca.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Stephen D. Crump, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 22, 1994, the petitioner pleaded guilty to one count of driving under the influence ("DUI"), one count of simple possession of amphetamine, and one count of simple possession of cocaine in exchange for a sentence of 11 months and 29 days to be served as 48 hours' incarceration followed by probation. In 2017, the pro se petitioner petitioned the McMinn County Circuit Court to expunge the records of his simple possession convictions pursuant to Tennessee Code Annotated section 40-32-101. The State conceded that the petitioner was statutorily qualified for expunction and did not oppose the petition.[2] On July 3, 2017, the trial court entered an order denying the

_____

[1]  The indictment lists the petitioner's name as Mark D. Maraca. Other evidence in the record, including the petitioner's driver's license, indicates that the correct spelling of his surname is Moraca.

[2]  The courts of this state have used the terms expungement and expunction interchangeably as the nominalization of the verb expunge. The verb expunge comes from the Latin word expungere which

petition, holding that the petitioner's conviction of DUI barred the expunction of the simple possession convictions.

In this timely appeal, the petitioner challenges the trial court's denial of his petition for expunction, arguing that the trial court misapplied Code section 40-32-101 and that the trial court abused its discretion by denying his petition. The State avers that the trial court did not err.[3]

At issue in this case is the correct application of Code section 40-32-101 to the circumstances of this case, which we review de novo. *See, e.g.*, *State v. Howard*, 504 S.W.3d 260, 267 (Tenn. 2016).

The most basic principle of statutory construction is "'to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). "Legislative intent is determined 'from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004) (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). "When the statutory language is clear and unambiguous, we apply the plain language in its normal and accepted use." *Boarman v. Jaynes*, 109 S.W.3d 286, 291 (Tenn. 2003) (citing *State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000)). "It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources." *In re Estate of Davis*, 308 S.W.3d 832, 837 (Tenn. 2010) (citing *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)).

Code section 40-32-101 permits those persons convicted of certain offenses and sentenced to a term of less than three years to petition for expunction of the records of those convictions upon meeting certain requirements. *See* T.C.A. § 40-32-101(g)(1)(A), (B). The statute lists simple possession as a conviction eligible for

means "'prick out, blot out, mark (a name on a list) for deletion' by pricking dots above or below it, literally 'prick out,'" and is formed by adding the Latin stems "ex," which means "out," and "pungere," which means "'to prick, stab.'" *See* Online Etymology Dictionary, http://www.etymonline.com. Expunction is a "noun of action" derived from the "past participle stem of expungere." *See id*. Expunction is also the term used by the Code. For these reasons, we employ the term expunction rather than expungement.

[3] The petitioner asserts that the State is bound by its earlier concession that the petitioner is statutorily entitled to expunction of the simple possession convictions. We do not address this claim because, even if the State was so bound, this court is "not required to accept the State's concession." *State v. Hester*, 324 S.W.3d 1, 69 (Tenn. 2010).

expunction, *see id.* § 40-32-101(g)(1)(A)(xxxv), but specifically "exclude[s] from consideration" for expunction a conviction of DUI, *see id.* § 40-32-101(g)(1)(B)(xlv). Consideration for expunction is generally limited to those who have "never been convicted of any criminal offense, including federal offenses and offenses in other states, other than the offense committed for which the petition for expunction is filed," *see id.* § 40-32-101(g)(2)(A), with one very narrow exception:

> A person who was convicted of more than one (1) of the offenses listed in this subdivision (g)(1), if the conduct upon which each conviction is based occurred contemporaneously, occurred at the same location, represented a single continuous criminal episode with a single criminal intent, and all such convictions are eligible for expunction under this part. The offenses of a person who is an eligible petitioner under this subdivision (g)(1)(E) shall be considered a single offense for the purposes of this section so that the person is eligible for expunction consideration if all other requirements are met.

*Id.* § 40-32-101(g)(1)(E). Thus, to be eligible for expunction, the conduct underlying the offenses of a petitioner with more than one conviction must have (1) "occurred contemporaneously," (2) "occurred at the same location," (3) "represented a single continuous criminal episode with a single criminal intent," and (4) "*all such convictions are eligible for expunction under this part.*" *See id.* (emphasis added).

The petitioner contends that the language in the statute indicating that certain misdemeanors are "excluded from consideration" for expunction, *id.* § 40-32-101(g)(1)(B), should be read to mean that those convictions should not enter at all into the consideration of a petition for expunction of other convictions, even if those other convictions occurred as part of the same criminal transaction. In our view, however, the statute is simply not open to such an interpretation because it would require that we ignore both the plain language of the statute and the legislative intent. The statute clearly provides that although a conviction of simple possession is eligible for expunction, a conviction of DUI is not. Because all of the petitioner's convictions are not eligible for expunction, none of them are. *See id.* § 40-32-101(g)(1)(E); *State v. Ann Dodd*, No. M2015-01469-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, Mar. 15, 2016) ("Under the plain and unambiguous terms of the statute, the petitioner is not entitled to expunction of her simple possession conviction because she is not entitled to expunction of her DUI conviction."); *State v. Ryan M. Delaby*, No. E2014-00772-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Knoxville, April 2, 2015) ("The defendant's convictions of assault and domestic assault are not eligible for expunction, *see* [T.C.A.] § 40-32-

101(g)(1)(B)(i), (iii), thus rendering his conviction of vandalism ineligible for [expunction] under the amended statute.").

Accordingly, we affirm the order of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE