IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 10, 2017 Session

**BRAYLEN BENNETT v. STATE OF TENNESSEE**

**Interlocutory Appeal from the Criminal Court for Knox County
No. 107676     Steve Sword, Judge**

_____

**No. E2016-02276-CCA-R9-PC**
_____

In this interlocutory appeal, the petitioner, Braylen Bennett, appeals the ruling of the post-conviction court denying his request for discovery materials from the State. We conclude that the plain language of both the Post-Conviction Procedure Act and Rule 28 of the Rules of the Tennessee Supreme Court impose upon the State an obligation to provide discovery materials to the petitioner as part of the post-conviction proceeding. We further conclude that the State's obligation cannot be met by requiring the post-conviction petitioner to obtain from his trial counsel those discovery materials disclosed by the State as part of the trial proceeding. Finally, we conclude that, because the post-conviction court's ruling contains insufficient analysis to support its conclusion that none of the disclosures required by Rule 16 of the Tennessee Rules of Criminal Procedure are relevant to the claims presented by the petitioner, the case must be remanded for reconsideration of the petitioner's request in light of the rulings in this opinion.

**Tenn. R. App. P. 9; Judgment of the Criminal Court Affirmed in Part; Reversed in Part; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Ann C. Short, Knoxville, Tennessee, for the appellant, Braylen Bennett.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Charme P. Allen, District Attorney General; and TaKisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In October 2014, the Knox County Grand Jury charged the petitioner and co-defendants Melvin King, Roderick Curtis, Dwaine Love, and Charles Byrd with three counts of aggravated burglary, one count of possessing a firearm during the commission of burglary, six counts of especially aggravated kidnapping, eight counts of felony murder, one count of aggravated assault, four counts of especially aggravated robbery, and two counts of aggravated animal cruelty related to "an incident at the home of John Huddleston during which Mr. Huddleston was shot and killed." *State v. Melvin King*, No. E2016-01043-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, May 22, 2017), *perm. app. denied* (Tenn. Sept. 20, 2017). On September 14, 2015, the petitioner entered pleas of guilty to aggravated burglary, employing a firearm during the commission of a felony, three counts of especially aggravated kidnapping, facilitation of first degree murder, aggravated assault, two counts of attempted especially aggravated robbery, and two counts of aggravated cruelty to animals. [1]

On March 24, 2016, the petitioner filed a timely petition for post-conviction relief, claiming that certain of his convictions are void because "they are in direct contravention of" Code section 39-17-1324(c) and that those convictions violate double jeopardy and due process principles. The petitioner also claimed that the ineffective assistance of his trial counsel rendered his guilty pleas unknowing and involuntary. Specifically, the petitioner claimed that trial counsel failed to investigate, failed to prepare and speak to potential witnesses, failed to prepare for trial, failed to "investigate legitimate justifiable defenses," failed to dispute the applicability of the terms of Code section 39-17-1324, failed to challenge his firearms possession conviction on double jeopardy grounds, failed to challenge his attempted aggravated robbery convictions on double jeopardy grounds, and failed to challenge his convictions on due process grounds. The petitioner also alleged that trial counsel induced him to enter the guilty pleas by providing incorrect advice regarding the potential sentence.

On April 8, 2016, the post-conviction court filed an order appointing counsel, ordering the State to respond to the petition, and setting a tentative date for the evidentiary hearing. On June 29, 2016, current post-conviction counsel filed a notice of appearance and substitution of counsel. On July 14, 2016, the petitioner moved the post-

---

[1]     Messrs. Curtis, Love, and Byrd entered pleas of guilty "to the offenses as charged in the indictment, with the exception of first degree murder, for which they pled guilty to the lesser included offense of facilitation of first degree murder." *Id.* Following a jury trial at which Messrs. Byrd and Curtis testified for the State, a Knox County Criminal Court jury convicted Mr. King of "first degree murder, aggravated burglary, employing a firearm during the commission of a dangerous felony, three counts of especially aggravated kidnapping, reckless aggravated assault, attempted especially aggravated robbery, and aggravated animal cruelty." *Id.*, slip op. at 1.

conviction court to reset the deadline for filing amendments to the petition to allow his new counsel adequate time to investigate all colorable claims. In the motion, the petitioner's counsel indicated an intent to pursue "discovery and disclosures provided for in Tennessee Supreme Court Rule 28, Section 6(C)(7)" by "filing a formal motion for discovery in this matter." On that same date, the petitioner moved the court to "determine and declare the State's discovery obligations" in the case. The State responded not by providing discovery but instead by moving the court "for an order directing the defendant's previous counsel to turn over to his new counsel all of the discovery provided in 104304 by the State," noting that "the [c]ourt file reflects the discovery that was provided to the defendant in 104304."

At the hearing on the petitioner's motion regarding the provision of discovery materials, the petitioner argued that the terms of Rule 28 obligated the State to provide discovery materials to the petitioner in the post-conviction proceeding and not merely prior to trial. The State argued that it had complied with the terms of Rule 28 by providing discovery materials to the petitioner's trial counsel prior to trial and that the petitioner should obtain the discovery materials from trial counsel. The post-conviction court took the matter under advisement and, in a written order, concluded that although Rule 28 did oblige the State to provide discovery materials in the post-conviction proceeding, the State's obligation extended only to those materials relevant to the claims raised in the post-conviction petition. The post-conviction court concluded "that discovery required under Rule 16 is not relevant to the issues raised in the petition" and held that, as a result, "the State is not required to provide any discovery to the petitioner at this time." The record on appeal does not show that the post-conviction court reviewed any discovery materials in this case prior to expressing this holding.

The petitioner moved the post-conviction court to grant interlocutory appeal of the ruling pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, arguing that interlocutory review was necessary because both the post-conviction court's ruling that the State "does have the responsibility of providing discovery in post-conviction matters" and the court's ruling that "as a matter of law, . . . Rule 16 'is not relevant' to the pro se post-conviction allegations of ineffective assistance of counsel were both issues of first impression." The State opposed the motion, but the trial court granted it.

This court granted the request for interlocutory appeal. In this appeal, the petitioner asks this court to determine whether the law governing post-conviction procedure imposes upon the State an obligation to provide discovery materials to a post-conviction petitioner in the post-conviction proceeding. The petitioner also asks that, in the event we find a discovery obligation, we define the parameters of that burden. The State argues that the post-conviction court correctly determined that the State had no

further discovery obligation in this case because the State had previously provided discovery materials to the petitioner prior to his entering guilty pleas in the underlying criminal proceeding and because the State "was not obligated to furnish the petitioner with information, evidence, or material which was accessible to him or which he could obtain through reasonable diligence."

"[T]he availability and scope of post-conviction relief lies within the discretion of the General Assembly because post-conviction relief is entirely a creature of statute." *Bush v. State*, 428 S.W.3d 1, 15 (Tenn. 2014) (citing *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005)). Code section 40-30-118 empowers the supreme court to "promulgate rules of practice and procedure consistent with this part, including rules prescribing the form and contents of the petition, the preparation and filing of the record and assignments of error for simple appeal and for delayed appeal in the nature of a writ of error." *Id.* § 40-30-118. To this end, the supreme court has adopted Rule 28 of the rules of the supreme court to "supplement the remedies and procedures set forth in the Post-Conviction Procedure Act." Tenn. R. Sup. Ct. R. 28, §1. Because the determination of the scope of the State's discovery obligation in a post-conviction proceeding depends upon the interpretation of the Post-Conviction Procedure Act ("the Act") and the rules of our supreme court that facilitate its implementation, our review is de novo with no presumption of correctness afforded to the ruling of the trial court. *See, e.g.*, *State v. Howard*, 504 S.W.3d 260, 267 (Tenn. 2016).

The most basic principle of statutory construction is "'to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). "Legislative intent is determined 'from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004) (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). "When the statutory language is clear and unambiguous, we apply the plain language in its normal and accepted use." *Boarman v. Jaynes*, 109 S.W.3d 286, 291 (Tenn. 2003) (citing *State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000)). "It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources." *In re Estate of Davis*, 308 S.W.3d 832, 837 (Tenn. 2010) (citing *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)).

The statute and rule governing this case are clear and unambiguous. Code section 40-30-109 and Rule 28 "[t]ogether . . . provide both what is discoverable and how it is discoverable in a Tennessee post-conviction proceeding." *Waller v. Bryan*, 16 S.W.3d 770, 776-77 (Tenn. Ct. App. 1999); *see also House v. State*, 44 S.W.3d 508, 516

(Tenn. 2001); *Swift v. Campbell*, 159 S.W.3d 565, 575 (Tenn. Ct. App. 2004); *George T. Haynie v. State*, No. M2009-01167-CCA-R3-PC (Tenn. Crim. App., Nashville, Sept. 16, 2010); *Jason Blake Bryant v. State*, No. E2002-00907-CCA-R3-PC (Tenn. Crim. App., Knoxville, Mar. 11, 2004); *Darrell Wayne Taylor v. State*, No. W2001-01806-CCA-R9-PD (Tenn. Crim. App., Jackson, May 2, 2003). Code section 40-30-109 provides that "[d]iscovery is not available in a proceeding under this section except as provided under Rule 16 of the Tennessee Rules of Criminal Procedure." T.C.A. § 40-30-109(b). To facilitate discovery in the post-conviction proceeding, Supreme Court Rule 28, section 6, subsection 3 provides that "[i]n the event a colorable claim is stated," the post-conviction court "shall enter a preliminary order which," among other things, "directs disclosure by the [S]tate of all that is required to be disclosed under Rule 16 of the Tennessee Rules of Criminal Procedure, to the extent relevant to the grounds alleged in the petition, and any other disclosure required by the state or federal constitution."[2] Tenn. R. Sup. Ct. R. 28, §6(3)(c). Section 6, subsection 7 provides:

> Upon receiving the court's preliminary order, the [S]tate shall provide to petitioner discovery of all those items deemed discoverable under Rule 16, Tennessee Rules of Criminal Procedure, if relevant to the issues raised in the post-conviction petition, and shall provide any other disclosure required by the state or federal constitution.

Tenn. R. Sup. Ct. R. 28, §6(7). Section 7 provides that "[t]he [S]tate shall provide discovery in accordance with Section 6(C)(7)." Tenn. R. Sup. Ct. R. 28, §7.

Read together, the plain language of Code section 40-30-109 and Rule 28 clearly imposes upon the State an affirmative duty to provide discovery materials to the petitioner *as part of the post-conviction proceeding*. Nothing in either the statute or the rule suggests that the State fulfills its obligations in the post-conviction proceeding by disclosures that occurred prior to the commencement of the post-conviction proceeding. Said differently, that the State fully complied with its discovery obligations prior to trial does not absolve it of the discovery obligation imposed by the law governing post-conviction proceedings.

Similarly, neither the statute nor the rule supports the State's assertion that it is not required to provide the petitioner with discovery materials that it previously disclosed to his trial counsel because the petitioner could obtain those materials from trial counsel. The State does not rely on either the statute or the rule and instead cites *State v.*

---

[2] The preliminary order issued in this case did not contain language directing the State to provide discovery in accordance with Rule 16.

*Dickerson* in support of its argument. *Dickerson*, however, involved the resolution of a pretrial discovery question. In *Dickerson*, we held that the State did not violate the terms of Rule 16 by failing to disclose to Dickerson the records of Dickerson's treatment at the Helen Ross McNabb Center, even though the State had a copy of the records in its possession, because the records were not within the exclusive possession and control of the State and were, instead, equally available to both parties and could have been obtained by Dickerson with the exercise of due diligence. *State v. Dickerson*, 885 S.W.2d 90 (Tenn. Crim. App. 1993). The holding in *Dickerson* does not alter the general discovery obligation imposed upon the State by Code section 40-30-109 and Rule 28. We point out that, although a post-conviction proceeding is generally criminal in nature, *see Carter v. Bell*, 279 S.W.3d 560, 565 (Tenn. 2009) ("Post-conviction proceedings are best described as proceedings arising out of a criminal case."), the post-conviction proceeding is not a continuation of the original criminal case brought by the State against a defendant, *see* T.C.A. § 16-5-108 (distinguishing between "[c]riminal cases, both felony and misdemeanor" and "[h]abeas corpus and Post-Conviction Procedure Act proceedings"); rather, the post-conviction proceeding begins with a new filing, a collateral attack brought by the defendant – now the petitioner – against the State, *cf. Murray v. Giarratano*, 492 U.S. 1, 10 (1989) ("State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or appeal.").

Because we find that the State has an affirmative duty to provide discovery materials to the petitioner in the post-conviction proceeding, we affirm that portion of the post-conviction court's ruling that held similarly. We next consider the post-conviction court's conclusion "that discovery required under Rule 16 is not relevant to the issues raised in the petition."

To begin, we must address the petitioner's claim that the relevancy requirement of Rule 28 improperly limits the scope of Code section 40-30-109. As indicated above, Rule 28 imposes upon the State an affirmative duty to disclose those materials that are discoverable under Rule 16 of the Rules of Criminal Procedure *and* that are "relevant to the grounds alleged in the petition." Tenn. R. Sup. Ct. R. 28, §6(3)(c); *see also id.* §6(7) ("[T]he [S]tate shall provide to petitioner discovery of all those items deemed discoverable under Rule 16, Tennessee Rules of Criminal Procedure, if relevant to the issues raised in the post-conviction petition . . . ."). The petitioner asks this court to ignore the relevancy requirement entirely and, instead, find that the State must disclose to the post-conviction petitioner all those materials discoverable under Rule 16 and not only those materials deemed relevant to the post-conviction petition.

The language of Rule 28 arguably limits the State's discovery obligation in a way that Code section 40-30-109 does not. It does not follow, however, that the

limitation should be disregarded. The Act specifically authorizes the supreme court to "promulgate rules of practice and procedure consistent with this part, including rules prescribing the form and contents of the petition, the preparation and filing of the record and assignments of error for simple appeal and for delayed appeal in the nature of a writ of error." *Id.* § 40-30-118. The discovery limitation imposed by Rule 28 is best understood as a rule of procedure, and, as such, it falls within the ambit of the authorization provided to the supreme court in Code section 40-30-118.

Furthermore, as a general matter, our supreme court "has the authority to oversee the practice and procedure in Tennessee's courts." *Bush*, 428 S.W.3d at 16 (citing *Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 402 (Tenn. 2013)); *see State v. Mallard*, 40 S.W.3d 473, 480-81 (Tenn. 2001) ("Only the Supreme Court has the inherent power to promulgate rules governing the practice and procedure of the courts of this state . . . ."). In the exercise of that power, the concept of relevancy is a common and useful tool for achieving judicial efficiency and efficacy. *See Mallard*, 40 S.W.3d at 483 (stating that the "determination of what evidence is relevant, either logically or legally, to a fact at issue in litigation is a power that is entrusted solely to the care and exercise of the judiciary"). Thus, the expression of a logical, if not inherent, gate-keeping requirement of relevancy in Rule 28 emanates from judicial power.[3] Therefore, because Rule 28 governs the practice and procedure in post-conviction proceedings, the supreme court did not usurp the authority of the legislature by passing it.

Finally, and perhaps most importantly, the limitation imposed by Rule 28 actually gives "effect to the legislative intent" of the Act "without unduly restricting or expanding [the] statute's coverage beyond its intended scope.'" *Houghton*, 90 S.W.3d at 678. The Act "was designed to hasten the final resolution of criminal appeals." *Bush*, 428 S.W.3d at 14. Post-conviction relief is available only to address claims that a conviction is void or voidable due to the abridgment of a constitutional right, *see, e.g.*, *Porterfield v. State*, 897 S.W.2d 672, 676 (Tenn. 1995), and may not be used to relitigate issues previously determined, *see, e.g.*, T.C.A. § 40-30-102; *Cone v. State*, 927 S.W.2d 579, 582 (Tenn. Crim. App. 1995) ("A petitioner may not relitigate a previously determined issue by presenting additional factual allegations."). Given the limited scope of relief available under the Act, a commensurate limit on the scope of discovery

---

[3] As an aside, we note that Rule 16 itself expresses a gate-keeping requirement of materiality for various aspects of discovery. *See* Tenn. R. Crim. P. 16(1)(F)(i) (providing that "the [S]tate shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, if," among other things, "the item is material to preparing the defense"); *id.* 16(1)(G)(iii) (providing that "the [S]tate shall permit the defendant to inspect and copy or photograph the results or reports of physical or mental examinations, and of scientific tests or experiments if," among other requirements, "the item is material to preparing the defense or the [S]tate intends to use the item in its case-in-chief at trial").

available in a post-conviction action gives effect to the intent of the legislature. Accordingly, we decline the defendant's invitation to read Rule 28's relevancy requirement as ultra vires.

We turn, then, to the question of the appropriate standard and procedure to be applied to determine whether discovery materials are relevant to the claims raised in the post-conviction petition. The petitioner urges this court to adopt the definition of relevance contained in evidence rule 401, whether the potential evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. The State does not address the petitioner's argument.

Black's Law Dictionary defines "relevant" as "[l]ogically connected and tending to prove or disprove a matter in issue; having appreciable probative value — that is, rationally tending to persuade people of the probability or possibility of some alleged fact." *Black's Law Dictionary* (10th ed. 2014). This definition is very similar to that contained in evidence rule 401, and it corresponds with the common law understanding of the term. *See* Tenn. R. Evid. 401, Advisory Comm'n Commt. ("This proposal does not change Tennessee common law."). We can fathom no reason to ascribe to the term a definition different from that it enjoys in every other legal context.

Having found an affirmative duty to disclose and having defined the parameters of that duty, we now address the post-conviction court's finding "that discovery required under Rule 16 is not relevant to the issues raised in the petition." The petitioner asserts that the post-conviction court erred by finding that none of the materials discoverable under Rule 16 were relevant to the claims raised in the original pro se petition. The State argues that the post-conviction court "properly determined that only the discovery materials actually provided to the petitioner prior to the entry of his plea were relevant to the issues raised in the post-conviction petition" and that because the State had already provided pretrial discovery materials to trial counsel, it was not obligated to provide additional discovery.

Rule 16 of the Tennessee Rules of Criminal Procedure provides, in pertinent part, as follows:

(a) **Disclosure of Evidence by the State.**

(1) *Information Subject to Disclosure.*

(A) Defendant's Oral Statement. Upon a defendant's request, the state shall disclose to the defendant the

-8-

substance of any of the defendant's oral statements made before or after arrest in response to interrogation by any person the defendant knew was a law-enforcement officer if the state intends to offer the statement in evidence at the trial;

(B) Defendant's Written or Recorded Statement. Upon a defendant's request, the state shall disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

(i) the defendant's relevant written or recorded statements, or copies thereof, if:

(I) the statement is within the state's possession, custody, or control; and

(II) the district attorney general knows--or through due diligence could know--that the statement exists; and

(ii) the defendant's recorded grand jury testimony which relates to the offense charged.

(C) Organizational Defendant. Upon a defendant's motion, if the defendant is a corporation, limited liability company, limited liability partnership, partnership, association, or labor union, the court may grant the defendant discovery of relevant recorded testimony of any witness before a grand jury who was:

(i) at the time of the testimony, so situated as an officer or employee as to have been able legally to bind the defendant regarding conduct constituting the offense; or

(ii) at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee as to have been able legally to bind the defendant regarding that alleged conduct in which the witness was involved.

(D) Codefendants.  Upon a defendant's request, when the state decides to place codefendants on trial jointly, the state shall promptly furnish each defendant who has moved for discovery under this subdivision with all information discoverable under Rule 16(a)(1)(A), (B), and (C) as to each codefendant.

(E) Defendant's Prior Record.  Upon a defendant's request, the state shall furnish the defendant with a copy of the defendant's prior criminal record, if any, that is within the state's possession, custody, or control if the district attorney general knows--or through due diligence could know--that the record exists.

(F) Documents and Objects.  Upon a defendant's request, the state shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, if the item is within the state's possession, custody, or control and:

   (i) the item is material to preparing the defense;

   (ii) the government intends to use the item in its case-in-chief at trial; or

   (iii) the item was obtained from or belongs to the defendant.

(G) Reports of Examinations and Tests.  Upon a defendant's request, the state shall permit the defendant to inspect and copy or photograph the results or reports of physical or mental examinations, and of scientific tests or experiments if:

   (i) the item is within the state's possession, custody, or control;

   (ii) the district attorney general knows--or through due diligence could know--that the item exists; and

(iii) the item is material to preparing the defense or the state intends to use the item in its case-in-chief at trial.

(2) *Information Not Subject to Disclosure.* Except as provided in paragraphs (A), (B), (E), and (G) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by the district attorney general or other state agents or law enforcement officers in connection with investigating or prosecuting the case. Nor does this rule authorize discovery of statements made by state witnesses or prospective state witnesses.

(3) *Grand Jury Transcripts.* This rule does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rule 6 and Rule 16(a)(1)(A), (B), and (C).

(4) *Failure to Call Witness.* The fact that a witness's name is furnished under this rule is not grounds for comment on a failure to call the witness.

Tenn. R. Crim. P. 16(a).

Initially, we note that the State's argument misconstrues the ruling of the post-conviction court. The post-conviction court did not conclude, as the State asserts, that "only the discovery materials actually provided to the petitioner prior to the entry of his plea were relevant" to the issues raised by the petitioner in the post-conviction proceeding. Instead, the post-conviction court stated, without any apparent review or analysis of the relationship between the various disclosures required by Rule 16 and the specific claims raised in the petition for post-conviction relief, "that discovery required under Rule 16 is not relevant to the issues raised in the petition."

The petitioner construes the post-conviction court's statement as a general legal conclusion that Rule 16 discovery materials would never be relevant to a claim of ineffective assistance of counsel. Given the lack of analysis, we cannot discern whether the post-conviction court intended to make such a conclusion. If, indeed, the post-conviction court intended to conclude that, as a matter of law, Rule 16 discovery materials are irrelevant to a claim of ineffective assistance of counsel, we would reverse because such a conclusion finds no support in the law.

-11-

The post-conviction court's lack of analysis makes a review of its conclusion difficult because it is impossible to discern why the court ruled as it did. Rule 16 requires the disclosure of a wide variety of materials, some of which are clearly irrelevant to the claims raised in the original petition. For example, because the petitioner is not an organizational defendant, the disclosures required by Rule 16(C) do not apply. It should be noted that nothing in the rules limits post-conviction discovery materials to materials that existed prior to or during the trial; it is possible that materials developed after the trial may become discoverable as relevant to the issues in a given post-conviction proceeding. Additionally, Rule 16 discovery would not be relevant to the petitioner's claims that his convictions contravene the applicable statutes and that they violate double jeopardy or due process principles because those claims rely entirely on the interpretation of the statutes and case law. Some of the items discoverable under Rule 16, like test results or co-defendant's statements, however, might be relevant to the petitioner's claims that his counsel failed to investigate the case, failed to interview potential witnesses, failed to prepare for trial, and failed to "investigate legitimate justifiable defenses" before he recommended that the petitioner enter his guilty pleas. Additionally, it is not clear that the post-conviction court applied the appropriate standard of leniency when reviewing the claims made in the initial, pro se petition, *see Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012) ("Pleadings prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers."), or whether the court applied the appropriate standard of relevancy. For these reasons, we reverse the post-conviction court's categorical conclusion that none of the materials subject to disclosure pursuant to Rule 16 are relevant to the claims raised in the original petition for post-conviction relief and remand that claim to the post-conviction court for reconsideration in light of the holdings in this opinion.

Accordingly, we affirm the post-conviction court's conclusion that the State has an affirmative duty to provide Rule 16 discovery materials within the context of the post-conviction proceeding and reverse and remand for reconsideration the post-conviction court's holding that Rule 16 discovery was not relevant to any issue raised in the initial pro se post-conviction petition.

_____
JAMES CURWOOD WITT, JR., JUDGE

-12-